In re ALLEN EUGENE MATTHEWS.

(*Knoxville,* September Term, 1957.)

Opinion filed December 6, 1957.

Rehearing Denied February 6, 1958.

162

ELY & ELY, Knoxville, for petitioners-appellants.

BESS BLAKE, Nashville, for Department of Public Welfare.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

On the 23rd day of July, 1956, Clifton Clemie Miller and Mildred Pyles Miller filed their petition in the Chancery Court for the purpose of effecting the adoption of Allen Eugene Matthews. On motion of the Department of Welfare, the Chancellor dismissed the petition and hence this appeal.

The petition averred that they are husband and wife and residents of Knox County, Tennessee; that the minor child, 3 years of age, is an abandoned child within the meaning of the statute; that petitioners are 46 and 39 years of age respectively; that the child had been placed

in their home for boarding by the State Welfare Department, which had been awarded its custody by the Juvenile Court of Knox County, because the father had abandoned the child and the mother had been deprived of the custody by reason of her misconduct; that petitioners had become attached to said child and when the State Welfare Department learned they were filing a petition to adopt it, it immediately took the child from their home and secreted it; that petitioners are financially responsible citizens, have two grown children of their own and they now desire to take the subject child, treat him as their own and give him every advantage, including the right to inherit from them as a natural son.

Both parents and the State Welfare Department were made parties by proper process and a temporary injunction was sought and obtained to prevent the removal of the child from the jurisdiction of said court pending the proceedings.

Five days after the filing of the petition, the petitioners filed a written consent of the grandparents of the child, but as will appear later, this was unnecessary.

On August 1, 1956, the Department of Welfare filed a motion to dismiss said petition upon the following grounds:

1. The petition shows on its face that the petitioners do not have physical or legal custody of the child they are petitioning to adopt.

2. The petition shows on its face that there has not been a full compliance with the law in regard to consent to the adoption.

3. The petition shows on its face that the legal custody of the child was awarded to the State Welfare Department by order of the Juvenile Court of Knox County, Tennessee.

4. The petition shows on its face that the child was placed with petitioners by the Department of Public Welfare for boarding only.

5. The petition shows on its face that the child has been removed from the home of the petitioners and they do not know where the child is.

On April 30, 1957, the final decree dismissing said petition was filed, the Chancellor stating that there was no equity on the face of the petition by reason of the fact that said child is not in the home of petitioners and they do not have the physical or legal custody of said child; that said child was awarded to the State Welfare Department by order of the Juvenile Court of Knox County and said child is now in the possession and control of the State Welfare Department.

The sole assignment of error is that the Chancellor erred in holding that there was no equity on the face of the petition since the same showed that the child was not in the legal custody of petitioners but was in the possession and control of the Welfare Department; that he should have held that the petitioners had the right to file a petition to adopt this child irrespective of the physical custody and that the motion should have been overruled and the cause allowed to proceed in accordance with the adoption statutes.

We are of opinion that court and counsel have been somewhat confused by their failure to observe an im-

portant change made in T.C.A. sec. 36-108 by the Acts of 1955, Ch. 320, now appearing in the 1957 Supplement to the Code.

 The first paragraph of said section formerly provided that, except as provided in this chapter of the Code, if the parents were living and had not released the child and had not consented to the adoption as herein provided, the parents or surviving parent or guardian of said child must be a party of record to the proceedings *and* must give written consent to the adoption which must be filed with the petition.

Whereas the section now reads:

''Except as provided in this chapter and if they are living and have not released all rights to the child and have not consented to adoption as provided in this chapter the parents or surviving parent or guardian of the person of the child must be a party or parties of record to the proceedings *or* must give written consent to the adoption, which written consent must be filed with the petition. * * *''

It seems apparent, therefore, that if the parent or parents or the guardian, as the case may be, is made a party of record to. the proceedings, then written consent to the adoption is not necessary and same need not be filed with the petition, and the matter is then before the court to be heard on its merits.

 In the instant case, it is alleged in the petition and must be taken as true for the purpose of the motion which was filed by the Welfare Department, that the parents of this child have lost all right to the custody and that the Juvenile Court of Knox County under

T.C.A. sec. 37-219 [37-260] has found that this child was abandoned and, therefore, was a dependent or neglected child and said court has committed its care to the State Department of Public Welfare.

Then, under T.C.A. sec. 37-220 [37-260], unless otherwise ordered, said child becomes a ward and subject to the guardianship of the person or institution to whom or to which the child is committed and said guardian may be made a party to the adoption proceedings and may appear in same and give consent to the adoption.

It seems apparent, therefore, that it was unnecessary for the petitioners to make the parents parties to this proceeding, because they have lost all rights to the child by reason of the action of the Juvenile Court in awarding it to the Welfare Department. The said Welfare Department is the only necessary respondent to the petition. That is sufficient for the Chancellor to have proceeded with the hearing at which time the Department could have raised any proper objection to the granting of the petition, which would have raised the proper issue for the decision by the court.

The only other material question is that counsel for the Welfare Department insists that these petitioners had no right to file this petition because they did not have physical possession or custody of said child. This insistence and argument in support thereof is predicated on T.C.A. sec. 36-106, subsec. (c), which says that the petition must state among other things, "when the petitioners acquired custody of the child, and from what person or agency;" also from T.C.A. sec. 36-119, subsec. (e) and 36-125, subsec. (d), which refer to what the interlocutory order and the final order of adoption respec-

tively must contain, the language being the same in both, to-wit: "The date when the petitioners acquired custody of the child and from what person or agency, and that proper consent has been given;".

■ This argument is, however, without substance. A casual inspection of the encyclopedic works fails to disclose any suggestion that it has ever been the law that a person desiring to adopt a child must as a prerequisite have physical custody of same. We doubt that it ever will be the law because such a law would deprive the court of doing what was deemed best for the welfare of the child.

■ The section referred to by counsel for the Department simply recognize the fact that in the majority of instances perhaps the petitioners for adoption have had at least some custodial experience with the child they seek to adopt but there is nowhere to be found in our adoption statute any requirement that petitioners have custody of the child prior to the filing of the petition for adoption. The statute, however, recognizes the importance of this experience between the child and the future adoptive parents and, therefore, by T.C.A. sec. 36-119 *et seq.* provides for the interlocutory decree and for a trial period of adoption before a final decree is entered. T.C.A. sec. 36-124 recognizes, however, that this probationary period may not be necessary, e.g. in the case of a grandchild, a nephew or niece of one of the petitioners or the stepchild of the petitioner. It is easily conceivable that a person would be fairly familiar with a grandchild, a nephew or niece without ever having actually had custody of same. In the final analysis, this is a matter that addresses itself to the discretion of the trial judge.

■ We are of opinion that the act as a whole discloses an intention to provide for two kinds of proceedings: (1) a friendly proceeding in which the consent of the parents or guardian has been obtained, and (2) an adversary proceeding where such consent is absent. T.C.A. sec. 36-112 provides that the filing of this consent makes the parent or guardian a party to the friendly proceedings whereas T.C.A. secs. 36-108 and 36-110 contemplate adversary proceedings.

We are of opinion that the Chancellor erred in sustaining the motion to dismiss. Reverse and remand for further proceedings at the costs of the Welfare Department.

## On Petition to Rehear

We have for consideration a petition to rehear filed by the Department of Public Welfare. The substance of the petition is first, that we have erroneously held that the petition showed on its face that the Juvenile Court of Knox County had found that the child with whom we are concerned was an abandoned child; that under T.C.A. sec. 37-219 (we should have said 37-260, since the former section has been repealed), the parents have lost all right to the custody of said child; and that said court had committed its care to the Department of Public Welfare. It is then stated that said child has been adjudged to be dependent and neglected but that there is nothing in the record to indicate that said child has been found to be abandoned by the proceedings in the Juvenile Court. Next, it is stated that the former law having been repealed by Ch. 177, of the Public Acts of 1955, the parents have not lost all rights under the law as it now stands, because under T.C.A. sec. 37-242(3) the granting

of custody by the Juvenile Court shall not be construed as the termination of parental rights as provided in subsection (3) of Section 37-243 and that custody shall not exist by virtue of mere physical possession of a child.

It is then asserted that under subsection (3) of Section 37-243 the juvenile court shall have original exclusive jurisdiction of all cases to terminate parental rights when a child is found to have been abandoned, etc. (counsel only quotes a part of this section and attention will be called to same hereinafter).

Counsel next calls attention to Section 37-263 which provides for continuing jurisdiction for the purposes of this chapter until the child shall have attained its majority. From that it is argued that the juvenile court having retained jurisdiction, the chancery court has no jurisdiction to entertain a petition for adoption. The inapplicability of this principle will be pointed out hereinafter.

In response to the above insistences, we should first state that we erroneously cited T.C.A. secs. 37-219 and 37-220, which have been repealed, whereas we should have cited 37-260 in both places.

As we shall endeavor to point out, however, that error makes no difference in the result on the basis on which the original opinion was written and, taking the opposite view of the pleadings, it will still make no difference.

The writer of the opinion construed the petition for adoption in the manner which appears in said opinion and it is long established practice that in deciding a motion to dismiss, the court will look alone to the petition in connection with the record. *Brown v. Brown,* 86 Tenn. 277, 6 S.W. 869, 7 S.W. 640.

If we were correct in that construction of the petition, then under T.C.A. sec. 37-260 we would reach the same result as heretofore because said section provides:

"When any child shall be found to be abandoned and the parental rights terminated as provided in subsection (3) of sec. 37-243, the court shall award the complete custody, control and guardianship of the child to the department of public welfare or a licensed child placing agency with the right to place the child for adoption and to consent to the adoption in *loco parentis.*"

On the other hand, let us assume *arguendo* that we misconstrued the petition and that the juvenile court did not find that this was an *abandoned* child under the statute but that only the bare custody of the child was placed in the department of public welfare. Of course, we do not know exactly what the juvenile court ordered because the order is not exhibited to the petition. Therefore, the statement on page 2 of the Petition to Rehear that the Juvenile Court held said child to be "dependent and neglected" can not be considered for the purpose of the motion to dismiss.

So construed, therefore, we have an allegation in the petition that Allen Eugene Matthews is an *abandoned* child within the meaning of the statute and a prayer for service of process on the parents and for an order of adoption of the children and pursuant thereto process was served personally on the mother and by publication on the father as provided by T.C.A. sec. 36-108, as it appears in the 1957 Supplement to the Code, and process was served on the Department of Public Welfare.

 The only courts having jurisdiction of adoption proceedings are the circuit and chancery courts under T.C.A. sections 36-102 (3) and 36-105. Under T.C.A. sec. 36-110, the circuit and chancery courts have jurisdiction to adjudicate an *abandonment* as follows:

"In all cases where a court of competent jurisdiction has not heretofore terminated the parental rights and placed the child with the state department of public welfare or a licensed child-placing agency for adoption, then on written notice of not less than ten (10) days to the parent, parents, or guardian of the person, if the address be known, or if unknown, then by publication, as provided by law, the court in the adoption proceeding is hereby authorized to determine that an abandonment has taken place."

Then recognizing the jurisdiction of the circuit and chancery courts to adjudicate an abandonment, the Juvenile Court Act T.C.A. sec. 37-243 provides as follows:

"Jurisdiction of juvenile courts.—The Juvenile courts shall have original, exclusive jurisdiction of:

"[1] All cases to adjudicate a child dependent and neglected, delinquent and/or abandoned as defined in sec. 37-242, subsections (4) through (6) and to enter all proper orders and decrees, except that this does not deprive circuit and chancery courts of the right to adjudicate an abandonment, where abandonment has been alleged in a petition to adopt as is provided in chapter 1 of title 36.

"[2] All cases to appoint a guardian of the person of a child in accordance with sec. 34-201, except that in

any county where there is or may hereafter be created a special juvenile court, the county court in such county shall have concurrent jurisdiction with such special juvenile court to appoint a guardian of the person of a child where such county court has assumed jurisdiction to appoint the guardian of the estate of such child.

"[3] All cases to terminate parental rights when a child is found to have been abandoned for four (4) consecutive months immediately preceeding institution of an action or proceeding to declare the child to be an abandoned child. Except that this does not deprive circuit and chancery courts of the right to adjudicate an abandonment where abandonment has been alleged in a petition to adopt as is provided in chapter 1 of title 36.

"[4] * * *"

Therefore, it is perfectly clear under the express wording of the statutes that if it does not appear from the petition for adoption that the juvenile court has adjudicated this child to be an *abandoned* child, the chancery court, in this instance where the petition is pending, has jurisdiction to adjudicate that question in the adoption proceedings in accordance with the above cited section of the adoption statute and the Juvenile Court Act, *supra*.

There is no need to discuss the question of the continuing jurisdiction under T.C.A. sec. 37-263 for the reason that if the chancery court shall permit the adoption by these petitioners of this child on a finding that it has been abandoned in the sense of the statute, then the jurisdiction of the juvenile court is at an end until a new

set of facts arises that `would give the juvenile court jurisdiction of the child because it had, *since its adoption,* become a dependent and neglected, or an abandoned or a delinquent child as defined by the statute.

It becomes perfectly clear then that there is no question in this case of interference by the chancery court with the jurisdiction of the juvenile court and, therefore, the cases cited by counsel in the petition to rehear, that is, *Marmino v. Marmino,* 34 Tenn.App. 352, 238 S.W.2d 105; *Cantrell v. State,* 190 Tenn. 64, 68, 227 S.W.2d 772; *Henderson v. Henderson,* 156 Tenn. 430, 434, 1 S.W.2d 526, have nothing to do with the situation involved in this case.

Therefore, the original opinion will stand except in one respect and that is the Code Sections 37-219 and 37-220 will be corrected to read 37-260, and both opinions will be published for the information of the bar. Otherwise the Petition to Rehear is overruled.