In re ALLEN EUGENE MATTHEWS.

(*Knoxville,* September Term, 1958.)

Opinion filed December 12, 1958.

156

ELY & ELY, Knoxville, for petitioners.

BESS BLAKE, Nashville, for Department of Public Welfare.

Mr. Justice Tomlinson, delivered the opinion of the Court.

Mr. and Mrs. Clifton Miller seek to adopt a three year old infant, Allen Eugene Matthews. A former decree of the Chancellor sustaining a motion to dismiss the adoption petition was reversed by this Court and the cause remanded for further appropriate proceedings. That opinion is reported in 203 Tenn. 161, 310 S.W.2d 185.

Upon the remand, the Tennessee Department of Public Welfare filed its answer. It therein averred that the Juvenile Court of Knox County had adjudged this child "dependent" within the meaning of Section 37-242, T.C.A. 1958 Code Supplement, and had committed its custody to the Tennessee Department of Public Welfare, but retained jurisdiction for such further orders as it might adjudge proper for the child's well being. This answer admits the allegation of the adoption petition that this infant is an "abandoned" child within the meaning of the statute, 37-242(6), T.C.A.1958 Code Supplement. The Juvenile Court had not adjudged it abandoned. The Chancellor again dismissed the petition on the basis of the foregoing averments. His decree was that since this Juvenile Court had acquired jurisdiction of this child on a finding of dependency, it followed that the Chancery Court "does not have jurisdiction to entertain a petition

for the adoption of said child''. The case is back here on the appeal of Mr. and Mrs. Miller.

The sole question is whether the Chancery Court is deprived of jurisdiction to entertain the petition for adoption because of the fact that the Juvenile Court has adjudged the child a dependent and committed its custody and care to the Tennessee Department of Public Welfare pending such further orders that the Juvenile Court might elect to make with reference to its welfare.

The insistence of the State Welfare Department is that as a result of this child being adjudged by the Juvenile Court a dependent within the meaning of the Juvenile Court law

''all questions concerning its welfare are in the hands of the Juvenile Court of Knox County and must remain there until the child reaches 21 years of age, physically leaves the jurisdiction of said court, or is decreed to be an abandoned child by said court, the parental rights to the child terminated, and the complete custody, control and guardianship of the child awarded to the Department by said Court.''

■■ Exclusive jurisdiction to entertain a petition for, and decree, adoption is vested in Chancery and Circuit Courts. Section 36-102(3), T.C.A. To hold that a Juvenile Court may veto the exercise of this jurisdiction by declaring a child within its jurisdiction to be a dependent and to so freeze the status of that child, except at the will of such Court, is contrary, in our opinion, to public policy. It ought not to be possible to so confine and hamper the future life of that child. Precedent has so held in the case of *Young v. Smith,* 191 Tenn. 25, 32, 231 S.W.2d 365, 368,

in discussing a feature of the adoption law of this State. There this Court said:

"We think it was not the intention of the Legislature that the present and future life of a child should be left to the arbitrary will and possible caprice of anybody, be it the natural parent or any child-caring agency."

Nor can we find anything in the present adoption statute, or in the statute creating the Juvenile Court, and defining its jurisdiction, which reflects such an unnatural intention upon the part of the Legislature.

By reference to the statute providing for adoption, Section 36-101 through Section 36-137, T.C.A., or to the statute creating the Juvenile Court and defining its jurisdiction, Sections 37-242 through 37-274, T.C.A. 1958 Code Supplement, it will be learned that the provisions of these statutes force a rejection of the Welfare Department's above quoted insistence that jurisdiction of a child declared dependent by the Juvenile Court remains in that Court until it "is decreed to be an abandoned child *by said Court*". (Emphasis supplied.)

Code Supplement Section 36-110 provides that if, in an adoption proceedings, the parents contest adoption and deny abandonment, the Court hearing the adoption proceedings shall proceed to determine that issue of fact unless there has been a "previous adjudication of abandonment by a court of competent jurisdiction". And in the event of such previous adjudication by some other Court, a copy thereof "must be filed in the proceedings with the petition" for adoption. The last clause of code section 36-110 so provides. The Juvenile Court may take

jurisdiction, as in this case, without decreeing abandonment.

The Juvenile Court is, however, vested with authority to determine whether a child brought before it has been abandoned. The statute provides, however, that such authority

"does not deprive circuit and chancery courts of the right to adjudicate an abandonment where abandonment has been alleged in a petition to adopt as is provided in chapter 1 of title 36." Code, sec. 37-243(3).

██ It is a fact, and made such by statute, that once a Juvenile Court, in the exercise of its authority, finds a child to be abandoned and terminates the rights of its parents to its custody, etc., then the Juvenile Court is required to award its custody and control "to the department of public welfare or licensed child placing agency with the right to place the child for adoption and to consent to the adoption in *loco parentis*". Section 37-260, T.C.A. 1958 Code Supplement. And when such custody and control has thus been committed to the Department of Public Welfare or licensed child placing agency the authority of the Juvenile Court to modify such order is at an end, except with the consent of such department or child placing agency. Section 37-261, T.C.A.1958 Code Supplement.

Thus it is that the Chancery or Circuit Court in the adoption proceedings may consider and adjudicate the question of abandonment when the parents are resisting the adoption and such abandonment has not been decreed by the Juvenile Court, or, if so decreed by the Juvenile Court, a copy of such decree must be filed in the adoption proceedings.

 There is nothing in the Adoption Law or the Juvenile Court Law, in so far as this Court can discover, which permits the Court to hold that the committing of the child to the custody of the Welfare Department deprives the Chancery or Circuit Court of jurisdiction to entertain a petition for the adoption of that child, even though petition be filed by some person not authorized by the Welfare Department. Section 36-105, T.C.A., provides that ''any person over twenty-one (21) years of age may petition the chancery or circuit court to adopt a minor child * * *.''

In *Young v. Smith*, 191 Tenn. 25, 31, 231 S.W.2d 365, 368, this Court held that the refusal of the chartered child placing agency to consent to the adoption ''merely raises an issue as to the welfare of the child''. This holding would necessarily apply with equal force to the Department of Public Welfare. Such conclusion is likewise required by the holding in the Young case that the Legislature did not intend that the present and future life of a child ''should be left to the arbitrary will and possible caprice of anybody * * *''.

Unlike Section 37-260 ending the authority of the Juvenile Court over the child on an adjudication of abandonment and termination of parental rights and commits the child to the State Welfare Department, its jurisdiction continues under Section 37-258 when its adjudication is limited to finding that the child is a dependent or neglected child within the meaning of the statute. Here then is made to appear the reason for the provision in both the adoption statute and the Juvenile Court statute that the Chancery or Circuit Court in adoption proceedings may determine the question of abandonment when it is made

an issue in the case if it has not been adjudged by some other court, to-wit, the Juvenile Court, in whom is vested exclusive jurisdiction to determine abandonment, except when the question arises in adoption proceedings in Chancery or Circuit Court, and has not previously been adjudged.

Probably the State Welfare Department and the Chancellor reached an opposite conclusion because Code, sec. 37-263 provides that the Juvenile Court may retain jurisdiction and control of the child when it adjudges a child dependent, neglected, or abandoned. But this authority is followed by the statement "in accordance with the provisions of this chapter", meaning "Chapter 2, Juvenile Courts" commencing at 37-242, T.C.A.1958 Code Supplement.

The provisions made by this "Chapter 2, Juvenile Courts" have to do with the custody and care, rather than the adoption, of children; hence, the law with reference to adoption does not fall "within the provisions of this chapter" other than that it is made clear therein, as we construe it, that its provisions do not interfere with the authority given Chancery and Circuit Courts to entertain and act upon proceedings for adoption. Certainly there is nothing in the Juvenile Court statute which indicates an intention upon the part of the Legislature to vest the Juvenile Court with a veto power over the authority of Chancery or Circuit Courts to entertain adoption proceedings.

This Court considers that which it has here held was previously likewise (at least by necessary implication) so held in its former opinion in this same case reported in 203 Tenn. 161, 310 S.W.2d 185, when that opinion is

properly construed. However, in consideration of the insistence of the State Welfare Department to the contrary, this Court has undertaken to go into the question in some detail.

The decree of the Chancellor will be reversed and the cause remanded for further proceedings in accordance herewith. All costs of the appeal will be taxed to the Tennessee State Welfare Department. The costs in the Chancery Court will await final disposition of the case there.