David J. Baughman et ux.

*v.*

The Department of Public Welfare of the State of Tennessee.

362 S. W. 2d 785

(*Knoxville,* September Term, 1962.)

Opinion filed December 14, 1962.

Carl E. Reischling, Knoxville, for petitioner.

Bess Blake, General Counsel, Nashville, for respondent.

MR. JUSTICE DYER delivered the opinion of the Court.

In this opinion David J. Baughman and wife Lottie W. Baughman will be referred to as "Petitioner," and The Department of Public Welfare of the State of Tennessee as "Department."

The Department as an arm of the State Government receives into its care a great many children, who are or might become eligible for adoption. In this regard the Department is charged by law with certain responsibilities, which of necessity require time in order that proper homes may be selected for the children, and in some cases proper legal surrender made of the child. In carrying out these responsibilities the Department has developed a plan of boarding out some of the children in their care, and in so carrying out the plan enter into a written contract with foster parents approved to provide this temporary care.

Under this plan the Department entered into such contract dated May 27, 1959 with Petitioners to board an

infant child, 'Baby Dorsey.' The Department agreed to pay Petitioners $35.73 per month for this service.

On June 7, 1962 Petitioners filed their petition to adopt this child making the Department a defendant. In this petition they set out their residence, ages, financial position and other reasons why they would be fit and proper persons to adopt the child.

Petitioners allege this child was placed in their home when about four and one-half months old by an agent of the Department, who stated the child would be there about two weeks or no longer than six months. That the child had in fact remained there over four years and love and affection had grown up between them and the child the same as it would in a natural child. Petitioners further allege that for more than a year they have talked with a case worker (agent of Department) about adopting the child, and were informed or led to believe an investigation was being made and as soon as same was completed they could begin adoption proceedings. They also allege the child has been surrendered to the Department for the purpose of adoption, and they are now going to remove the child from the only home she has known.

In answer to this petition the Department filed a motion to dismiss. The motion first alleges the natural parents have surrendered the child into the guardianship of the Department for adoption, and the Department has not and will not give its consent for the child to be adopted by Petitioners. This motion next alleges the Department placed this child with the Petitioners for boarding care under a written contract, and by virtue of this contract Petitioners are estopped to petition to adopt this child. A photostatic copy of the contract is filed with this pleading.

The two paragraph in this contract pertinent to this action are as follows:

"We understand that this child is not and will not be available to us for adoption, and we agree that we will not attempt to adopt, file a petition to adopt, or to take any steps whatsoever leading to the adoption of this child.

"We agree that the Department has the right to remove this child from our home at any time. We also agree to notify the Department when removal of the child is requested, giving the Department sufficient time to make other plans should we find that for any reason we cannot keep the child or properly care for him."

The learned Trial Judge sustained the motion to dismiss in the following language.

"The Court is of the opinion that, 'since the petitioners entered into a solemn written agreement to care for this child and to turn it over to the Department of Public Welfare at any time upon their request, they are now estopped to contradict or ignore the terms of their solemn agreement and to obtain the relief sought in the petition."

Upon further order of the Court the child remains with Petitioners pending this appeal.

The doctrine of estoppel affects many topics of the law and its application arises from many and varied circumstances. The application of equitable estoppel to the facts arising in this case might ordinarily be proper but we are unable to agree with the learned Trial Judge

it is proper in this particular case. There are three sets of circumstances here that cause us to disagree.

First this contract was executed on May 7, 1959 and in its face shows the child was placed with Petitioners on February 24, 1958. The child had in fact been in this home thirteen months when the contract was executed. It would possibly be immaterial whether the contract was signed on the day the child was placed, or even in a month or two later, but since the Department relies solely on the contract, and in view of the allegations in the petition, then we think an explanation of the reason for a rather long delay in having the contract executed would be proper.

Second there is an allegation in the petition agents of the Department had for a period of over a year led Petitioners to believe they could possibly adopt this child. This is a material allegation we think requiring an answer.

Third there is an allegation in the bill this child was placed with Petitioners not to remain over six months. At the time of the filing of the petition on June 7, 1962 the child had been in this home over four years. Under the allegations of the petition the child in Petitioners home had grown from an infant of four or five months to the age of nearly five years. In the common experience of men we know a child during these years would normally develop toward Petitioners the same affection a natural child would to their parents. To remove this child solely under the cold print of a contract would be in reckless disregard of human emotions.

■ The paramount issue in these cases is the welfare of the child, and it may well be the circumstances here causing us concern will be of no consequence, when weighed against other facts which will be developed in this matter arriving at the paramount issue, but this will require a hearing.

Reversed and remanded.