**In re ADOPTION OF Stephanie J. HART, (A child under (18) years of age).**

**Raymond O. NEWBILL and Wife, Kay J. Newbill, Petitioners-Appellees,**

**v.**

**Oca GUTHRIE and Martin Guthrie, Intervening Petitioners-Appellants.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

July 13, 1984.

Application for Permission to Appeal Denied by Supreme Court Sept. 24, 1984.

David Condra, Nashville, for appellees.

Robert K. Skinner, Nashville, for appellants.

OPINION

CANTRELL, Judge.

Despite its complex legal history this action comes down to a question of the power

of the Circuit Court of Davidson County to order a transfer of custody of the subject of an adoption proceeding when the child had previously been placed with its great grandparents by an order of the Juvenile Court of Robertson County.

The appellants in this action, Oca and Martin Guthrie are great-grandparents of Stephanie Hart, the child at issue. The Robertson County Juvenile Court granted them custody of the child on April 19, 1979. Stephanie is the first of Mary Hart's illegitimate children. The second child is also in the custody of the appellants.

The appellees in this action, Raymond and Kay Newbill, were involved in an organization that sought to give aid and comfort to unwed mothers. They became acquainted with Mary Hart and sought to adopt Stephanie.

The appellants, Mary's grandparents, were present at the hospital when Mary's second child was born. The appellees were also there as friends of Mary Hart. According to the appellants, Mrs. Guthrie stated at that time that she and her husband were too old to raise Stephanie and that they certainly could not raise another small child. On cross examination, Mrs. Guthrie admitted that she had stated at her deposition that she and her husband could not raise two young children.

Sometime in late May or early June of 1980, Mrs. Guthrie wanted to attend her grandson's graduation in Illinois. She asked the appellees if they would care for Stephanie while she was away. The Newbills were glad to accommodate Mrs. Guthrie. About this time the appellees were receiving numerous phone calls from the child's mother who was then living in Las Vegas, Nevada. The appellees arranged for Mary Hart to come to Nashville while Stephanie was visiting with them. On June 4, 1980, Mary Hart signed a surrender of her parental rights acquiescing to the adoption of the child by the appellees.

On June 5, 1980, the appellees went before Judge Crawford of the Juvenile Court of Robertson County for some advice as to the custody of the child pending finaliza-

tion of the adoption. By this time, Mrs. Guthrie had returned from her trip to Illinois and had called Judge Crawford complaining that the appellees would not return Stephanie. The Judge instructed the appellees that he had granted the Guthries custody of the child, and, therefore, the child should be returned to the Guthries. The appellees obeyed these instructions and returned Stephanie.

On July 14, 1980, the appellees filed a petition for adoption in the Fourth Circuit Court for Davidson County, Tennessee. The action was instigated against the unknown father of Stephanie J. Hart. On September 22, 1980, an order of default was entered as no person had appeared claiming to be the father. Orders granting custody of Stephanie Hart to the Newbills were entered on October 2 and October 9 of 1980.

On October 14, 1980, employees of the Robertson County Sheriff's Department came to the home of the Guthries and forcibly took the child away. The child was then delivered into the custody of the appellees at their home in the Green Hills section of Nashville. In November of 1980, the appellants initiated a habeas corpus proceeding in the Fourth Circuit Court of Davidson County. On November 21, 1980 an order was entered dismissing this action.

The appellants filed a motion to intervene in the adoption proceedings on March 4, 1981. The matter was heard before Judge Muriel Robinson on March 1, 1983. A guardian ad litem was appointed to protect the interests of the mother, Mary Hart. After the hearing, Judge Robinson issued an order approving the adoption of Stephanie by the Newbills. The Guthries have appealed to this court.

The first and second issues presented for review by the appellants concern the jurisdiction (or lack thereof) of the Davidson County Circuit Court to entertain an adoption proceeding concerning Stephanie after the Robertson County Juvenile Court had previously issued an order granting custo-

dy of the child to the appellants. The appellants contend that Mary Hart waived her right to determine who should have custody of Stephanie when she acquiesced to the placement of Stephanie in another home. Therefore, the appellants contend that only the Robertson County Juvenile Court could properly have surrendered the child for adoption.

However, in *In re Matthews*, 204 Tenn. 155, 319 S.W.2d 69 (1958), the Supreme Court held that the Chancery and Circuit Courts could proceed with an adoption without considering the effects of a prior Juvenile Court order concerning custody. In *Matthews* the Court stated:

Exclusive jurisdiction to entertain a petition for, and decree, adoption is vested in Chancery and Circuit Courts. Section 36–102(3), T.C.A. To hold that a Juvenile Court may veto the exercise of this jurisdiction by declaring a child within its jurisdiction to be dependent and to so freeze the status of that child, except at the will of such Court, is contrary, in our opinion, to public policy. It ought not to be possible to so confine and hamper the future life of that child. Precedent has so held in the case of *Young v. Smith*, 191 Tenn. 25, 32, 231 S.W.2d 365, 368, in discussing a feature of the adoption law of this State. There this Court said:

We think it was not the intention of the Legislature that the present and future life of a child should be left to the arbitrary will and possible caprice of anybody, be it the natural parent or any child-caring agency.

Nor can we find anything in the present adoption statute, or in the statute creating the Juvenile Court, and defining its jurisdiction, which reflects such an unnatural intention upon the part of the Legislature. *In Re Matthews* at 319 S.W.2d 70.

Further, T.C.A. 36–114 provides:

(b) In all cases where a child is surrendered for adoption in Tennessee to someone other than a grandparent, an aunt, an uncle, a stepparent, a licensed child-placing agency or the state department of human services, the person or persons to whom the child is being surrendered may be present in chambers at the time the surrender is executed by the parent(s) and they shall accept the surrender of the child. The court shall require the parent(s) surrendering the child for adoption and the person(s) to whom the child being surrendered to prove their identity to the satisfaction of the court. When the surrender is received in the above cases, the child so surrendered shall become a ward of the court until the filing of the petition for adoption. *During this time, the court shall have jurisdiction of all matters pertaining to the child.* (Emphasis supplied.)

█ Because the surrender of the child by Mary Hart conformed to the requirements of this statute, the Davidson County Circuit Court obtained jurisdiction "of all matters pertaining to" Stephanie.

In addition, Davidson County appears to have been a proper venue for the adoption proceeding. T.C.A. § 36–104 provides:

*Venue of proceeding*—The adoption petition may be filed in the county:

(1) Where the petitioners reside; or

(2) Where the child resides; or

(3) Where the child resided when it became a public charge; or in

(4) Which is located any licensed child-placing agency or institution operating under the laws of this state and having custody of the child, or to which the child shall have been surrendered as provided in §§ 36–112, 36–113.

For the foregoing reasons, we believe the Davidson County Circuit Court was the proper forum for the petitioners' action.

The appellants also contend that they should have been notified of the adoption proceeding long before the local deputies came to their home and forcibly took the child. We agree that the procedure used to obtain custody of the child was highly irregular and was taken without a hint of concern for the rights, legal or otherwise, of Mr. and Mrs. Guthrie. However, that issue has been rehashed several times and

the lower court has had more than one chance to review the action taken. At this late date we do not see any reason to reverse on that ground.

We also note that T.C.A. § 36–1–105 gives foster parents first preference for adoption if the child has been in their home for more than one year. However, appellants did not seek to adopt the child. Therefore, that issue is not before us.

■ Turning to the merits of this case, we address first the appellants' contention that Mary Hart, the biological mother of Stephanie, was incompetent at the time she surrendered the child. This argument was not listed as an issue to be reviewed by this Court in the plaintiffs' brief. Further, after the appellants were allowed to intervene in the adoption proceeding in the Circuit Court, they never offered any evidence that Mary Hart was incompetent other than the lay opinion of Oca Guthrie. Because the appellants have no proof on this issue and have failed to properly bring the issue to this court's attention, we can afford them no relief.

The best interest of the child is the paramount consideration in adoption proceedings. *In re Clements Petition*, 201 Tenn. 98, 296 S.W.2d 875 (1956); *Baughman v. Department of Public Welfare*, 211 Tenn. 101, 362 S.W.2d 785 (1962).

The proof introduced at trial on this issue indicated that both families could provide an adequate home for the child. There was no testimony or other proof that the appellees or the appellants had ever neglected children or were likely to do so in the future. Further, the proof did not indicate that any of the parties to this litigation were morally unfit to raise a child. And while the record indicates that the appellees may have a more affluent lifestyle than the appellants, it cannot be said that the appellants could not provide adequate financial support for Stephanie.

However, two important factors support the decision rendered by the trial court. First, the appellees are a middle aged couple. They can be expected to remain in good health until the child is emancipated. The appellants are an elderly couple. Mr. Guthrie testified he was seventy-three years old at the hearing of this matter (more than a year ago). He added that he was seven years older than his wife.

But perhaps an even more serious impediment to the appellants demands is their failure to initiate an adoption proceeding of their own. In their petition to intervene, the appellants sought only to prevent Stephanie's adoption by the appellees and to regain custody of the child. Regardless of the reason for the appellants' failure to seek an adoption, we believe it is preferable that a permanent home be found for Stephanie.

■ For the reasons outlined above, we believe the trial court acted in Stephanie's best interests in granting the adoption. The decision of the Fourth Circuit Court of Davidson County is affirmed. We remand to that Court for any further proceedings necessitated by this opinion. Tax the costs on appeal to the appellants.

LEWIS and GODDARD, JJ., concur.