IN THE

# SUPREME COURT OF TENNESSEE

FOR THE

## WESTERN DIVISION

JACKSON, APRIL TERM, 1918.

ROBERT & ADELINE KILGROW *et ux* *v*. MARY B. WEST
*et al.*

(*Jackson.* April Term, 1918.)

INJUNCTION. Acts of juvenile court officers.

A court of equity has no jurisdiction to restrain officers of a juvenile court established under Acts 1911, chapter 58, from carrying out a threat to make a child a ward of the court, whether the proceeding is civil, criminal, or semicriminal, because the juvenile court is one of record, and no property rights are involved, and if the juvenile court will not do justice, there is a remedy by appeal.

Acts cited and construed: Acts 1911, ch. 58.

Cases cited and approved: Hawkins v. Kercheval, 78 Tenn., 535; Delaney v. Flood, 183 N. Y., 323; The Sailors v. Woelfle, 118 Tenn., 755.

FROM SHELBY.

Appeal from the Chancery Court of Shelby County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.— FRANCIS FENTRESS, Chancellor.

L. H. GRAVES, for complainants.

JULIAN G. STRAUSS, for defendants.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

The bill of complaint was filed by Kilgrow and wife seeking to restrain the officers and agents of the juvenile court of the city of Memphis from carrying out certain threats claimed to have been made by said officials to take from complainants their thirteen year old daughter and detain her as a ward of that court, unless complainants should move from their residence, the location of which was declared to be undesirable by the defendant officials.

The defendants interposed a motion to dismiss the bill, assigning as grounds the lack of jurisdiction in the chancery court to entertain it. The chancellor was of opinion that he was without jurisdiction, and sustained defendants' motion and dismissed the bill, from which action there was an appeal to the court of civil

appeals where the decree of the chancellor was reversed and the injunction decreed to issue.

The allegations of the bill, in substance, are as follows: Robert Kilgrow and his wife, Adeline Kilgrow, elderly persons, have resided in Memphis for about fifty years, living at the date the suit was brought with their daughter, Ruth, at No. 22 Nettleton street. They have lived there continuously for more than five years, renting the property from the Illinois Central Railroad Company, from whom they have leased the premises for life at a small monthly rental. The location of their home is in a respectable neighborhood, far removed from anything evil or immoral. There they lived contented until about four weeks prior to the filing of the bill, when a juvenile court officer appeared at their home and informed complainants that they (the defendants) did not like the location of complainants' home, and notified them that unless they immediately removed their place of abode that they would take from them their daughter, and keep her as a ward of the court. This action was threatened, notwithstanding the location of the home was proper, and that the juvenile court had no complaint to make as to either the dependency or delinquency of the child.

Complainant, Adeline Kilgrow fearing that the juvenile court would carry out its threats and yielding to the fears of her little daughter, rented a room about a block away from their home, and dwelt there alone with her child while complainant, Robert Kilgrow, remained at the home on Nettleton street alone to safe-

guard the property. This mode of living being unbearable and desiring to return to her home and her husband, and fearing that if she did the juvenile court would carry out its threats, complainant sought to enjoin the defendants from compelling them to move and from taking away from them their child.

We are of opinion that the chancellor held and enforced the correct view, and that the decree of the court of civil appeals to the contrary is erroneous.

The defendants are proceeded against as officers of the juvenile court, which was established by and is operating under the provisions of Acts 1911, chapter 58. That court is one of record and its officers will not be interfered with by a court of equity by means of injunctive process sued out for the purpose of controlling their actions, where it appears, as in the present case, that no property rights are involved or directly affected. *Hawkins* v. *Kercheval,* 10 Lea (78 Tenn.), 535, 540, and authorities cited; *Delaney* v. *Flood,* 183 N. Y., 323, 76 N. E., 209, 2 L. R. A. (N. S.), 678, 111 Am. St. Rep., 759, 5 Ann. Cas., 480.

In substance the chancery court was asked to stay the hands of the juvenile court, and to determine the illegality of the action sought to be taken by officers of the latter tribunal. We think that on the face of the bill of complaint the illegality of the steps threatened may be assumed; that it is, is not even controverted by the defendants. Their insistence is that the jurisdiction to so determine and declare is with the juvenile court, and not the chancery court.

· The court of civil appeals made the question of jurisdiction of the chancery court to turn upon the point that such a proceeding in the juvenile court is (as it conceives) civil and not criminal in nature. Regardless of the nature of such a proceeding, whether it be purely civil, or semicriminal in certain aspects, we think the governing principle is, that the province of equity is not to usurp the functions of a court of law in such a case. The illegality of the course sought to be taken by the defendants would have been disclosed and, we must assume, frustrated in the juvenile court. The presumption that that court would give a fair hearing in the case and decide justly is equally as strong as the presumption that a court of equity would do so. The chancery court should not be burdened with the consideration and disposition of such cases by a resort to the injunctive process of that court. No grounds for equitable relief in the proper sense are presented. *The Sailors* v. *Woelfle* 118 Tenn., 775, 102 S. W., 1109, 12 L. R. A. (N. S.), 881; 22 Cyc., 880.

Should the complainants or their child fail to get justice in the juvenile court, they have a right to have the judgment of that court reviewed in the circuit court by proper procedure to that end; thence an appeal may be prosecuted to the appellate courts.

Writ of *certiorari* granted; the decree of the court of civil appeals reversed, and that of the chancellor affirmed.