LELUAR HENDERSON *v.* GEORGE HENDERSON.*

*(Nashville.* December Term, 1927.)

Opinion filed January 21, 1928.

1. INJUNCTION. JURISDICTION. CRIMINAL LAW.

Where it appears that a divorce has been granted and the defendant ordered to pay five dollars a week for the support of a child; has failed to make said payment and has been arrested under a warrant from the Juvenile Court, and an injunction issued against the Juvenile Court from acting therein, which injunction the circuit court declined to dissolve, a petition for **certiorari** and **supersedeas** will not lie. (Post, p. 431-433.)

2. INJUNCTION. EQUITY. JURISDICTION. EXCEPTIONS TO THE RULE.

While the general rule is that an injunction will not issue from a court of equity to enjoin pending or threatened prosecutions for a violation of the criminal law, there are certain exceptions, one of which is that an injunction will issue to restrain criminal proceedings if they are instituted by a party to the suit already before the court of equity and to try the same right that is in issue there. (Post, p. 433.)

Citing: Fritz v. Sims, 122 Tenn. (14 Cates), 137; Kelly v. Conner, 122 Tenn. (14 Cates), 339; In re Sawyer, 124 U. S., 200, 31 L. Ed., 402; Attorney-General v. Cleaver, 18 Ves., 211, 220; Turner v. Turner, 15 Jurist, 218; Saull v. Browne, L. R., 10 ch. 64; Kerr v. Preston, 6 Ch. D., 463.

3. JURISDICTION. CIRCUIT COURT. JUVENILE COURT. SUPPORT OF A CHILD.

Where the Circuit Court has granted a decree in a divorce suit requiring the father to contribute to the support of the child it would

be unseemly and might provoke a clash of authority for the Juvenile Court to assume jurisdiction thereof. (Post, p. 433.)

Citing: Poindexter v. The State, 137 Tenn. (10 Thomp.), 386, 393; Acts of 1915, chapter 120.

4. INJUNCTION. CIRCUIT COURT. JUVENILE COURT. PARTIES.

An injunction restraining proceedings in a Juvenile Court should not issue against the Court itself but against the party involved. (Post, p. 434.)

---

*Headnotes 1. Injunctions, 32 C. J., Section 443; 2. Injunctions, 32 C. J., Section 449; 3. Injunctions, 32 C. J., Section 449; 4. Injunctions, 32 C. J., Section 71.

---

FROM DAVIDSON.

---

Appeal from the Circuit Court of Davidson County.— Hon. A. G. RUTHERFORD, Judge.

B. O. BRILEY, for plaintiff in error.

W. RUFUS PARDUE and S. L. FELTS, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This case is before us upon petition for the writs of *certiorari* and *supersedeas* by which it is sought to review and set aside an injunction issued from the Circuit Court against certain proceedings in the Juvenile Court.

(1) In May, 1925, upon suit of Leluar Henderson she was granted a divorce from George Henderson by the Circuit Court and the custody of the Henderson child was awarded to the mother. It was ordered by the Court

that defendant, George Henderson, pay the sum of $5 per week for the support of the child and the cause was retained in that Court for the purpose of making further orders that might be necessary for the welfare of the child.

It seems that these payments for the child's support were made for a time by the father but later ceased. Meanwhile both the mother and the father married other parties.

It appears that in October, 1927, a warrant was issued from the Juvenile Court against the father, George Henderson, charging failure to provide for his child, and summoning him to appear before the Juvenile Court for trial. The father did appear and procured a continuance. There were some conferences between the father's attorney and the attorney prosecuting the case in the Juvenile Court, the latter having been retained by the child's mother, in which conferences the attorney for the father insisted that the Juvenile Court had no jurisdiction of the matter in view of the order of the Circuit Court heretofore mentioned. Before any trial was had in the Juvenile Court, it seems that the mother, or the attorney employed by the mother, had an order entered in the Circuit Court upon *ex parte* application setting aside so much of the previous order of that Court as required the father to make weekly contributions for the child's support.

At this point a petition was filed in the Circuit Court in the cause of Leluar Henderson against George Henderson by the latter setting out the substance of the former proceedings in said cause, and the decree therein; charging that the order entered relieving the father of the weekly contributions for the child's support was entered without notice and for the purpose of defeating

the jurisdiction of the Circuit Court; praying that said last-mentioned order be set aside; asserting that the Circuit Court had jurisdiction of the whole matter of the child's support; that the Juvenile Court was without jurisdiction of said matter; and praying that proceedings in the Juvenile Court be enjoined. Under *fiat* of the Circuit Judge the writ of injunction issued as prayed. The Court later declined to dissolve this injunction and the petition for *certiorari* and *supersedeas* was thereupon filed.

We are of opinion that the application for the writs mentioned should be denied. *(2)* The general rule undoubtedly is that an injunction will not issue from a Court of equity to enjoin pending or threatened prosecutions for the violation of the criminal laws of the State. *Fritz* v. *Sims,* 122 Tenn., 137; *Kelly* v. *Conner,* 122 Tenn., 339. In the latter case the subject is considered at length and all the authorities reviewed.

Certain exceptions to the rule just stated, however, are recognized in *Kelly* v. *Conner.* One of these exceptions is that a Court of equity does have power to restrain criminal proceedings if they are instituted by a party to a suit already pending before said Court of equity and to try the same right that is in issue there. *In re Sawyer,* 124 U. S., 200, 31 L. Ed., 402; *Attorney-General* v. *Cleaver,* 18 Ves., 211, 220; *Turner* v. *Turner,* 15 Jurist, 218; *Saull* v. *Browne,* L. R., 10 Ch., 64; *Kerr* v. *Preston,* 6 Ch. D., 463.

*(3)* As before noted, the Circuit Court in the decree of divorce required the father herein to make a weekly payment of $5 toward the support of this child and retained the cause in Court for the purpose of further orders respecting the welfare of the child. In making this order and in making future orders as to the father's con-

156 Tenn.—28.

tributions, the Circuit Court will of course be governed by the child's necessities and the ability of the father to pay. Any order that the Circuit Court makes of this nature may be enforced by contempt process in case of disobedience.

Any order that the Juvenile Court might make upon the father respecting the child's support would be influenced by the same considerations and would involve a determination of the same issues. *Poindexter* v. *The State,* 137 Tenn., 386, 393. For the enforcement of its orders, the Juvenile Court would follow the procedure outlined in Chapter 120 of the Acts of 1915, which procedure would probably be no more effective than contempt procedure in the Circuit Court.

The Circuit Court, acting as a Court of equity in a divorce case, took and retained jurisdiction of the matter of providing for this child's support by the father. It acquired prior jurisdiction. For the Juvenile Court to assume jurisdiction of the same matter, pending in the other Court, would be unseemly and might provoke a clash of authority. The Juvenile Court might take a different view as to the extent of the ability of the father to provide for the child.

We assume that in granting the injunction herein the Circuit Judge must have concluded that the order in his Court relieving the father of the child's support was improvidently entered and that it was his intention to set this order aside and retain jurisdiction as prayed in the petition.

(4) The injunction issued against the mother and the Judge of the Juvenile Court restraining proceedings in that Court. This injunction went too far in that it undertook to restrain the Judge of another Court, and the Circuit Judge will no doubt modify the injunction up-

on his attention being called to this detail. Only parties, the mother, the probation officers, and other individuals may be restrained from proceeding in the Juvenile Court —not the Court nor the Judge thereof.

For the reasons stated the petition for the writs of *certiorari* and *supersedeas* is denied.