## LUTZ v TAX COMMISSION

Ohio Appeals, 1st Dist, Hamilton Co

No 4887.  Decided June 24, 1935

Elmer H. Conway, Cincinnati, and John H. Doyle, Cincinnati, for plaintiff in error.

John W. Bricker, Attorney General, Columbus, and E. G. Schuessler, Assistant Attorney General, Cincinnati, for defendant in error.

### OPINION

By MATTHEWS, J.

We affirm the judgment for the following reasons:

(1) For the purposes of the Retail Sales Act, that Act defines a "sale" to be:

"'Sale' and 'selling' include all transactions whereby title or possession, or both, of tangible personal property, is or is to be transferred, or a license to use or consume tangible personal property is granted, for a consideration in any manner, whether absolutely or conditionally, whether for a price or rental, in money or by exchange or barter, and by any means whatsoever." §5546-1, GC.

We think it clear that the operator of a restaurant is engaged in making sales at retail within the statutory definition of the term.

(2) The restauranteur does not pay the tax. The plaintiff does not, therefore, seek to enjoin the collection of a tax. For that reason, §12075, GC, conferring jurisdiction upon the court to enjoin the collection of an illegal tax has no application. The case is an appeal to the court for the exercise of equitable jurisdiction and must be governed by the limitations upon that jurisdiction. One limitation stated in 5 Pomeroy's Equity Jurisprudence (2 ed.) p. 4662, et seq., is:

"In general, a court of equity has no jurisdiction to enjoin criminal proceedings * * * While the general rule is well established, it has been intimated that when prosecutions are threatened under color of an invalid statute for the purpose of compelling the relinquishment of a property right, the remedy in chancery is available. There are also many cases in which the enforcement of void municipal ordinances, the execution of which directly affected property rights, have been enjoined, and criminal prosecutions before the municipal authorities restrained."

Applying this principle are: Sherod v Atchison, 72 Or., 446, Anno. Cases 1916 C., p. 1151; Shuman v Gilbert, 229 Mass. 225; L.R.A., 1918 C, 138; Fritz v Sims, 122 Tenn., 137, 19 Anno. Cases, 458; Thompson v Smith, 71 A.L.R. (Va.) 604; 14 R.C.L., 439, et seq.; 21 O. Jur., "Injunction," §130.

Sec 5546-10, GC, requires the securing of a license before engaging in making retail sales as a business, and §5546-14, GC, provides. that any one engaging in the business without a license shall be guilty of a misdemeanor and that "upon conviction thereof shall be fined not less than $25.00 nor more than $100.00."

The violation of the law is then made a crime. If the plaintiff should be charged with such an offense her remedy at law is adequate in that every defense is available to her. There is no occasion for equitable intervention under such circumstances.

ROSS, PJ, and HAMILTON, J, concur.