## MARMINO v. MARMINO.—238 S. W. (2d) 105.

Western Division at Jackson.  Decided October 18, 1950.

Petition for Certiorari denied by Supreme Court, March 9, 1951.

Wallace Lopez, of Memphis, for appellant.

D. L. Gerwin, of Memphis, for appellee.

SWEPSTON, J. This cause is before us on a writ of error to the Chancery Court, by defendant.

The petition for same alleges and it appears from the record that in the final decree of divorce awarded complainant in the above styled cause on January 25, 1949, it was ordered with reference to the custody of the minor children as follows:

"and it further appearing to the Court from the testimony of complainant, of her mother, the witness Mrs. Evie Harper, and the statements of defendant's attorney at the hearing, that the custody of the minor children of the parties have (sic) heretofore been placed by the Juvenile Court with the complainant, in the care of said Mrs. Evie Harper; and that no decision as to custody of said minor children should be made by this Court at this time, but that all matters respecting their custody should remain within the control of the Juvenile Court".

The assignments of error are that it was error to decline to make an order as to custody because the welfare of the children required an order as to custody; that it was error for the Chancery Court to share its jurisdiction with the Juvenile Court by thus splitting the jurisdiction,

or splitting the cause of action; that it was beyond the jurisdiction of the Chancery Court to make such an order.

■ We should first note that, that so far as this record shows, the children were awarded to the complainant and placed in the care of her mother, Mrs. Evie Harper. We cannot consider statements dehors the record made by counsel for petitioner herein, the father, to the effect that the children are now in the custody of others than the person to whom custody was awarded by the Juvenile Court.

■ Aside from that observation, the cause is before us on the technical record only, there being no bill of exceptions preserving the testimony given at the oral hearing. In this situation we must presume the evidence justified the decree of the Chancellor, unless the technical record shows otherwise.

■ The Court is vested with wide discretion in matters of divorce, alimony and attorney's fee, custody and support of minor children and appellate courts will not interfere except upon a clear showing of an abuse of that discretion. Banks v. Banks, 18 Tenn. App. 347, 77 S. W. (2d) 74; Walden v. Walden, 13 Tenn. App. 337; Riley v. Riley, 9 Tenn. App. 643.

■ In Gibson's Suits in Chancery (1937 ed.), section 1103 it is said: "The custody of the children may, in the discretion of the Court, be awarded to either party; or some to one and some to the other; or the Court may decline to make any disposition of them . . . . ".

Moreover, the technical record shows the reason why the Court reserved the question of custody; it was to avoid interference with another Court which was already exercising its jurisdiction on the minors.

Recently our Supreme Court has held such jurisdiction to be *exclusive,* except where the statute provides otherwise.

In Cantrell v. State, 190 Tenn. 64, 227 S. W. (2d) 772, 773, in construing Code Section 10274 it is said: "When studied in relation to its context, the language 'for the purposes of this title,' clearly means that the Juvenile Court having adjudged a minor under 17 years of age 'dependent' or 'delinquent' retains *exclusive* jurisdiction of questions *arising under the title* until the minor attains his majority".

In Kilgrow v. West, 139 Tenn. 517, 201 S. W. 520, it was Held, a Court of. equity has no jurisdiction to restrain officers of a Juvenile Court from carrying out a threat to make a child a ward of the Court; the remedy being by appeal to the Circuit Court.

In Juvenile Court of Shelby County v. State, 139 Tenn. 549, 201 S. W. 771, it was Held, questions determined in the Juvenile Court in a valid proceeding upon which a judgment of delinquency was entered cannot be relitigated by habeas corpus, and in State ex rel. v. West, 139 Tenn. 522, 201, S. W. 743, it is Held, a judgment of a Juvenile Court awarding *custody* of a minor is res adjudicata between the same parties on the same state of facts.

While the Chancery Court has inherent jurisdiction of the persons and estates of minors, as shown in Gibson, Section 970 and N. 9, and jurisdiction to fix custody in divorce proceedings, the State of Tennessee, as shown in the West case, supra, acting as parens patriae has conferred upon Juvenile Courts the special, exclusive orginal jurisdiction to determine custody of a "dependent" or "delinquent" minor, because custody is necessarily involved when either of those conditions

as defined by the Statute exists; the parties to such proceedings are the State against the minor and the parents, or other persons having custody, for the best interest and welfare of the child and society generally.

■ In a divorce proceeding the contest for custody of the children is between the parents or their respective adherents, although the welfare of the minor is the determinative question.

". . . The jurisdiction is usually held to be exclusive, and the court cannot be deprived thereof by proceedings in another court in a divorce case. So where a court having jurisdiction of proceedings affecting the custody of a child, such as a divorce court, has awarded the child to one parent, there is nothing to prevent the juvenile court from finding that the child is being neglected, and therefore should be taken away from the parent. On the other hand the juvenile court will not adjust parental disputes concerning the care and education of a minor, such matters being for a court of equity where the parents are actual parties". 43 C. J. S., Infants, Section 99b, p. 243.

In attempts to rationalize the conflict of jurisdiction the courts of different States have proceeded upon various lines of reasoning, influenced by the common law and statutes of the particular forum. The question is annotated in 11 and 78 A. L. R., which are referred to in 146 A. L. R. 1166.

■ We think it a sound and simple view that the Chancery Court never loses jurisdiction of the question of custody, that is, the subject matter as part of a divorce proceeding, but the right and power to exercise that jurisdiction upon the person of the minor may be suspended temporarily or permanently either prior to

or after the inception of the divorce case by reason of the exercise by the Juvenile Court of the special, exclusive jurisdiction conferred on it to determine whether the minor is "dependent" or "delinquent", as defined by the Statute and hence necessarily to determine custody.

Counsel for petitioner relies upon the maxim "when Chancery has jurisdiction for one purpose, it will take jurisdiction for all purposes".

In the light of what we have said heretofore, we do not think this maxim can be applied here; to do so would be tantamount to reviewing the judgment of the Juvenile Court by an appeal to Chancery.

Counsel cites Henderson v. Henderson, 156 Tenn. 430, 434, 1 S. W. (2d) 526, on the point of clash of authority of two courts.

There the Juvenile Court was attempting to exercise its jurisdiction under the Act of 1915, Code Section 11379 et seq., to punish a husband for failure to provide support, when the Circuit Court was already exercising its jurisdiction in the divorce suit. The Supreme Court simply held that this would lead to a clash of authority and that the Circuit Court would adequately take care of the matter by contempt proceedings; that the Juvenile Court might reach a different conclusion as to the defendant's ability to provide support.

The case, if applicable at all, rather supports the action taken by the Chancellor.

Reference was made in argument to alleged irregularities in the proceedings in the Juvenile Court. There is nothing in the record to support the suggestion.

██ ██ We recognize the rule that a judgment of a court of limited jurisdiction must carry on its face the

jurisdictional facts supporting it, as set out in Juvenile Court of Shelby County v. State, 139 Tenn. 549, 555, 201 S. W. 771, supra. Yet that judgment is not before us, so that we must proceed on the assumption that the Chancellor found the judgment to be valid and that the children were found by the Juvenile Court to be either "dependent" or "delinquent"; otherwise it would have had no jurisdiction to award custody.

The record fails to show that the Juvenile Court had thereafter set aside, changed or modified its order, as it might do under Code Sections 10288 and 10291, as to either a "dependent" or "delinquent" child.

Hence, we must presume there was no such showing made before the Chancellor.

We accordingly overrule all assignments of error and affirm the decree of the Chancellor at costs of petitioner. A decree will be entered here accordingly.

Anderson, P. J. and Baptist, J., concur.