IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 20, 2005 Session

## IN RE:  N.E.C., MEREDITH CRAFT v. JUVENILE COURT OF SHELBY COUNTY, TENNESSEE, ET AL.

**A Direct Appeal from the Chancery Court for Shelby County**
**No. CH-04-0645-01     The Honorable Walter L. Evans, Chancellor**

———————————

**No. W2004-01548-COA-R10-CV - Filed February 17, 2005**

———————————

The juvenile court and custodial party in a dependency and neglect proceeding were granted a Rule 10 application for extraordinary appeal from the chancery court's order staying and restraining proceedings of dependency and neglect in the juvenile court.  We reverse the order of the chancery court.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Reversed**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and HOLLY M. KIRBY, J., joined.

Craig E. Willis and Debra L. Fessenden of Memphis for Appellant, Juvenile Court of Shelby County, Tennessee

Robert S. Weiss of Memphis for Appellant, Nancy Polk

Virginia M. Alexander for Appellee, In Re:  N.E.C., Meredith Craft

## OPINION

### I. PROCEDURAL HISTORY

On August 11, 2003, the Tennessee Department of Children's Services initiated proceedings, in the juvenile court, pursuant to T.C.A. § 37-1-103, to determine whether N.E.C. and A.S.C., the minor children of Meredith Craft (hereinafter Mother), should be removed from the custody of their parents and placed in the custody of their grandmothers. On that date, the juvenile court issued a protective custody order which awarded temporary custody of A.S.C. to the paternal grandmother,

Glenda Craft, and awarded temporary custody of N.E.C. to the maternal grandmother, Nancy Polk ("Ms. Polk").

Subsequent proceedings were held in the juvenile court on September 24, 2003, wherein temporary custody of A.S.C. was awarded to the mother and father, N.E.C. remained in the custody of Polk, and the parents were awarded visitation with N.E.C. The proceedings were then continued to January 7, 2004. On January 7, 2004, the juvenile court made an oral ruling wherein the Tennessee Department of Children's Services was permitted to withdraw its petition as to A.S.C., who was to stay with his parents temporarily, but N.E.C. was to remain in Polk's custody pending further investigation, with his parents having the right to unsupervised visitation with N.E.C. one weekend every month. The juvenile court retained jurisdiction over the matter and continued the proceedings until July 6, 2004 to permit an Interstate Compact Investigation to be conducted. The juvenile court refused to accept the voluntary dismissal filed by TDCS.

The parties later discovered that the written Order entered on January 7, 2004, had possibly transposed the children's names, leading to confusion concerning the mother's right to take custody of N.E.C. No appeal was taken from any Order of the juvenile court by the Mother, nor was there any request by the mother for a rehearing in the juvenile court. The course of proceedings in the chancery court which gave rise to the instant appeal were initiated on April 2, 2004 when the Mother filed a Habeas Corpus proceeding in Chancery Court and obtained custody of N.E.C. from Polk. The fiat on the petition was executed by Circuit Court Judge Rita Stotts by interchange, and a hearing was set for April 22, 2004 in chancery court. Juvenile court was not served with notice of this hearing until April 21, 2004.

## II. FACTS

In May or June of 2003, Meredith Craft left her children, N.E.C. and A.S.C, with Glenda Craft, the paternal grandmother of A.S.C., while Meredith Craft went to Minnesota in an attempt to secure housing. Mother contends that she called Memphis every two or three days to check on the children. When a devastating storm hit Memphis on July 22, 2003, Glenda Craft's utility service was interrupted and Glenda Craft asked Nancy Polk, the maternal grandmother of the children, to take N.E.C. into her home.

At some point after Ms. Polk took custody of N.E.C., Glenda Craft and Ms. Polk went to juvenile court and stated (falsely, Meredith Craft alleges) that Meredith Craft had abandoned A.S.C. and N.E.C. Based on this information, on August 11, 2003, the Tennessee Department of Children's Services filed a sworn petition in juvenile court alleging that N.E.C. and A.S.C. were dependent and neglected children. On the same day, Judge Kenneth Turner entered a protective custody order finding that the placement of the children with Glenda Craft and Ms. Polk was in the children's best interests. Judge Turner further ordered that an investigation into the welfare of N.E.C. and A.E.C. be conducted by Court Appointed Special Advocates (CASA).

On September 24, 2003, a hearing was held before Referee Claudia S. Haltom. Referee Haltom ordered that the case be continued to January 7, 2004; that N.E.C. remain at Ms. Polk's

home; that temporary custody of A.S.C. be awarded to the mother and father; and that the mother and father be given reasonable and liberal visitation with N.E.C. at Ms. Polk's residence.

Referee Cary Woods presided over the January 7th hearing. At the January 7th hearing, Glenda Craft recanted the allegations she had earlier made to DCS, and moved to dismiss the petition filed by DCS. However, Ms. Polk did not recant her allegations. Referee Woods refused to dismiss the proceedings in light of Ms. Polk's allegations and in light of certain facts uncovered during the CASA investigation, which required further involvement by the juvenile court. Referee Woods orally ruled that N.E.C. was to stay with Ms. Polk pending further orders from the juvenile court. Referee Woods also entered a written order that stated:

1. That the case should be continued to July 6, 2004, so that an Interstate Compact Investigation could be conducted;

2. That the Mother and Father should have temporary custody of A.S.C.

3. That DCS was permitted to withdraw its petition as to N.E.C. but that the matter of A.S.C. be continued due to CASA's investigation discovering relevant issues related to the best interest of the child, which required further involvement by the Court.

4. That the mother and father shall have unsupervised visitation with the children one weekend a month from 6 p.m. Friday until 6 p.m. Sunday, to be agreed upon by mother, father, and Polk, pending further orders of the Court.

The juvenile court asserts that the names of N.E.C. and A.S.C. were transposed in Item 3 above, and that based on Referee Woods' oral ruling, it is clear that Referee Woods intended to write that DCS was permitted to withdraw its petition as to A.S.C., not N.E.C. No appeal was taken from this written order.

On April 2, 2004, Meredith Craft filed a petition for habeas corpus as to N.E.C., alleging, *inter alia*, that DCS dismissed the petition as to N.E.C. and that the written order did not reflect the oral order of the juvenile court. On April 2, 2004, a fiat on the habeas corpus petition was executed by Circuit Court Judge Rita Stotts by interchange, and a hearing was set for April 22, 2004 in Chancery Court, Part I. Juvenile court was not served with the habeas corpus petition until April 21, 2004.

On April 8, Nancy Polk filed a petition in juvenile court alleging that N.E.C. was a dependent and neglected child.

At the April 22 hearing in chancery court on Meredith Craft's petition for habeas corpus, juvenile court requested a continuance on the ground that it had only been served with the petition the day before, and a critical witness was unavailable. This request for a continuance was denied, and the juvenile court's request to consider the affidavit of the critical witness, Gail Tarpy, was also

denied. The chancery court refused to consider an audio-recording of the juvenile court proceeding held January 7, 2004. The chancery court also refused to consider any testimony as to what occurred in juvenile court. Upon learning that a second protective custody order had issued from juvenile court returning N.E.C. to Polk, the chancellor enjoined further proceedings in the juvenile court other than the Interstate Compact Investigation.

On May 5, 2004, the chancery court entered an order giving the mother custody of the minor child, N.E.C. The order reads, in its entirety, as follows:

> This matter having been heard by the Honorable Walter L. Evans, Chancellor of Part I of the Chancery Court of Shelby County, on Thursday, April 22, 2004, all parties of interest being before the Court, upon the pleadings filed in this cause, exhibits presented, and statements of counsel, the Court finds as follows:
>
> 1.  The dependent and neglected petition filed by the Department of Children's Services on August 11, 2003 in the Juvenile Court of Shelby County that placed the child in the custody of Respondent, Nancy Polk, was the only petition filed in this matter prior to the Writ of Habeas Corpus issued on April 2, 2004.
>
> 2.  The Department of Children's Services filed a Notice of Voluntary Dismissal on January 9, 2004, because the allegations in the petition were later determined to be based on false and unverifiable allegations.
>
> 3.  The Juvenile Court order dated January 7, 2004, allowed the Department to withdraw their Petition per their notice of January 9, 2004.
>
> 4.  The oral motion of Respondent, Nancy Polk, to dismiss the Writ of Habeas Corpus shall be denied.
>
> 5.  The oral motion of Respondent, Juvenile Court of Shelby County, to continue the matter to permit Respondent an opportunity to respond to the Petition for Writ of Habeas Corpus served on Respondent on April 21, 2004 shall be denied.
>
> 6.  The Writ of Habeas Corpus signed on April 2, 2004, by interchange by the Honorable Rita Stotts, Judge of Division 4 of the Circuit Court of Shelby County, and issued by the Chancery Court Clerk of Shelby County shall be confirmed.
>
> 7.  The Court will continue the matter until June 30, 2004, in order for the Respondents to show cause as to why this order should not be made permanent.

8. If the Court determines that Respondents have shown that the order of April 2, 2004 should not be made permanent; and Respondents have shown that further action by this Court is needed to safeguard the welfare and interest of the child; then the Court may consider temporary custody arrangements at that time.

9. All proceedings on this matter in the Juvenile Court of Shelby County shall be stayed, pending the resolution of whether or not the Writ of Habeas Corpus issues on April 2, 2004, prior to the April 8, 2004 Order of Protective Custody issued by the Juvenile Court Referee, should not be made permanent.

10. The Juvenile Court of Shelby County is a party to these proceedings and is restrained from any further action in this matter pending adjudication from this Court.

11. Any Interstate Compact Investigation order by Juvenile Court may continue.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that:

1. The verbal motion of Respondents to dismiss the Writ of Habeas Corpus is denied.
2. The verbal motion of Respondent, Juvenile Court of Shelby County, to continue this matter is denied.
3. The Writ of Habeas Corpus signed on April 2, 2004, by interchange by the Honorable Rita Stotts, Judge of Division 4 of the Circuit Court of Shelby County, and issued by the Chancery Court Clerk of Shelby County is confirmed.
4. All proceedings on this matter in Juvenile Court of Shelby County are stayed, pending an adjudication on June 30, 2004, at 10:00 a.m. as to whether or not there is any cause why the Writ of Habeas Corpus issued on April 2, 2004, and sustained by this Court on April 22, 2004, should not be made permanent.
5. The Juvenile Court of Shelby County is restrained from any further action in this matter pending resolution from this Court on June 30, 2004.
6. Any Interstate Compact Investigation ordered by Juvenile Court may continue.

On June 4, 2004, the juvenile court filed a motion in chancery court, pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure, for permission to file an interlocutory appeal. Argument was heard on June 11, 2004, and the chancery court denied the motion for permission to file an interlocutory appeal.

### III. ISSUE

The Juvenile Court of Shelby County, along with Respondent, Nancy Polk, filed an application for extraordinary appeal pursuant to Rule 10, Tenn. R. App. P. This Court granted the Rule 10 application in part, stating: "the Court grants permission to appeal the portions of the chancery court's May 5, 2004 order that stayed and restrained the proceedings and actions of the Shelby County Juvenile Court. The remainder of this application is denied."

Appellant, the Juvenile Court of Memphis and Shelby County, presents several issues for review on appeal, as does Appellee. However, we perceive there to be only one issue in this appeal, which can be stated as follows:

> **Whether the Order of the chancery court imposing a stay upon all proceedings in juvenile court concerning a child at issue in dependency and neglect proceedings is contrary to law such that it requires reversal by this Court.**

### IV. STANDARD OF REVIEW

This appeal concerns solely a question of law; there are no disputed facts at issue in this appeal. Our review of a trial court's determinations on questions of law is *de novo* with no presumption of correctness. ***Gonzalez v. State Dep't of Children's Servs.*, 136 S.W.3d 613, 616 (Tenn.2004)**.

### V. ANALYSIS

Our sole task in this appeal is to determine whether the challenged order issued by the chancery court, imposing a stay of all proceedings in juvenile court concerning N.E.C., is contrary to law because it encroaches upon the exclusive and original jurisdiction of the juvenile court. We will first review the relevant law, and then we will consider the application of the law to the facts in the case at bar.

Under Tennessee law, juvenile courts hold exclusive and original jurisdiction over proceedings to determine whether a child is dependent or neglected. The statute granting this exclusive, original jurisdiction is Tennessee Code Annotated, § 37-1-103(a), which reads, in pertinent part:

> The juvenile court has exclusive original jurisdiction of the following proceedings, which are governed by this part:
>
> > (1) Proceedings in which a child is alleged to be delinquent, unruly or dependent and neglected, or to have committed a juvenile traffic offense as defined in § 37-1-146 ...

This statute is unambiguous, and this Court has interpreted it consistently to mean that no other court shares jurisdiction with juvenile court in deciding dependency and neglect proceedings. As we stated in one leading case, "[t]hat this jurisdiction was intended to be exclusive is reinforced by the omission of dependency and neglect proceedings from T.C.A. § 37-1-104, which lists the various proceedings in which the juvenile court shares concurrent jurisdiction with other courts." ***Arnold v. Gouvitsa***, **735 S.W.2d 458, 460 (Tenn. Ct. App. 1987), *overruled on other grounds by Seessel v. Seessel*, 748 S.W.2d 422 (Tenn. 1988)**; *see also Marmino v. Marmino*, **238 S.W.2d 105, 107-8 (Tenn. Ct. App. 1951)**; *Carpenter v. Carpenter*, **1989 WL 139721, at \*3 (Tenn. Ct. App. Nov. 16, 1989);** *State o/b/o Whitehead v. Mattie*, **No. 01A01-9511-CH-00538, 1997 WL 749465, at \*2-3 (Tenn. Ct. App. Dec. 5, 1997 ).** Therefore, if the chancery court's order interferes with the juvenile court's exercise of its jurisdiction over dependency and neglect proceedings, the order cannot stand.

Applying this law to the facts of this appeal, it is clear that the chancery court's order was intended to restrain the juvenile court from conducting any proceedings to determine whether N.E.C. was a dependent or neglected child, and the proper disposition of the case. In the April 22, 2004 hearing before the chancery court, Robert S. Weiss, the attorney for Ms. Polk, asserted strenuously that juvenile court had exclusive jurisdiction over dependency and neglect proceedings and that the chancery court could not properly restrain juvenile court proceedings on a dependency and neglect petition. The trial court argued that, because the petition for a writ of habeas corpus was filed prior to Ms. Polk's petition alleging that N.E.C. was dependent and neglected, the matter in chancery court had precedence over the dependency and neglect proceeding:

> MR. WEISS: Your honor ... the matter that's before Your Honor is a petition for habeas corpus. The petition for habeas corpus is a separate and completely independent petition from a petition alleging dependency and neglect which would be filed in Juvenile Court.
>
> Your Honor, there is no petition before Your Honor in order to seek the relief to stay that matter. A dependency and neglect petition is solely in Juvenile Court. They have exclusive jurisdiction. Judge Woods – Referee Woods took jurisdiction by issuing that protective custody order.
>
> THE COURT: Referee Woods' order would not supersede this Court's order. The Court is staying any further proceedings in the Juvenile Court pending a resolution of the matter as to whether or not there is cause  to be presented as to why the habeas corpus confirmation should not be made permanent.[1]

---

[1]  We are puzzled by the chancery court's statement that juvenile court proceedings must be stayed pending resolution of the question of "whether or not there is cause  to be presented as to why the habeas corpus confirmation should not be made permanent." Habeas corpus, by its very nature, is permanent *ab initio*.

We conclude that the chancery court's order restraining proceedings in juvenile court constituted an unlawful encroachment upon the exclusive and original jurisdiction of juvenile court to hear matters in which a child is alleged to be dependent and neglected. The chancery court was mistaken in its assertion that, because the petition for writ of habeas corpus was filed prior to Ms. Polk's petition alleging that N.E.C. was dependent and neglected, the chancery court was empowered to restrain proceedings in juvenile court until the conclusion of the habeas corpus proceedings. The chancery court, in effect, is taking on the responsibility to determine a dependent and neglect case, which is the exclusive province of the juvenile court. The chancery court is not, under any circumstances, empowered to restrain matters that lie within the exclusive jurisdiction of juvenile court. For this reason, we vacate the order of the trial court.

## VI. CONCLUSION

The order of the chancery court, restraining proceedings in juvenile court concerning the petition alleging that N.E.C. is dependent and neglected, is reversed. The costs of this appeal are assessed to Meredith Craft.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.